Patricia A. Matias (SBN 254125)
Rochelle N. Miller (SBN 352528)
JACKSON LEWIS P.C.
200 Spectrum Center Drive, Suite 500
Irvine, CA 92618
Tel: (949) 885-1360
Fax: (949) 885-1380
Patricia.Matias@JacksonLewis.com
Rochelle.Miller@JacksonLewis.com

Attorneys for Defendant
OPTUM SERVICES, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA PATRICIA MARTINEZ, an individual;<br><br>Plaintiff,<br>Vs.<br><br>UNITED HEALTH GROUP, INC.; OPTUM SERVICES, INC.; OPTUM, INC.; MARION COLEMAN, an individual; DOES 1 through 100, Inclusive.<br><br>Defendants. | Case No.  5:24-cv-690<br><br>**DEFENDANT OPTUM SERVICES, INC.'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**<br><br>[Filed concurrently with Declaration of Lisa Holmes; Civil Case Cover Sheet; Corporate Disclosure Statement; and Notice of Interested Parties]<br><br>State Complaint Filed:   February 13, 2024 |

TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND PLAINTIFF LAURA PATRICIA MARTINEZ:

PLEASE TAKE NOTICE that Defendant OPTUM SERVICES, INC. ("Defendant Optum Services") hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C., §§ 1332, 1441(a)–(b), and 1446, and removes the above-entitled action to this Court from the Superior Court of the State of California in and for the County of Riverside.

1.  On or about February 13, 2024, Plaintiff LAURA PATRICIA MARTINEZ ("Plaintiff") filed a civil Complaint for Damages against Defendants UNITEDHEALTH GROUP INCORPORATED; OPTUM SERVICES, INC.; OPTUM, INC.; and MARION COLEMAN in the Superior Court of the State of California in and for the County of Riverside, entitled *Laura Patricia Martinez v. United Health Group, Inc. et ..l*; Case No. CVPS2400936, which sets forth the following causes of action: (1) wrongful termination in violation of public policy; (2) disability and medical condition based discrimination in violation of the Fair Employment and Housing Act ("FEHA"); (3) disability harassment in violation of FEHA; (4) failure to accommodate; (5) failure to engage in the interactive process in violation of FEHA; (6) retaliation in violation of FEHA; (7) failure to prevent, investigate, and/or remedy unlawful harassment, discrimination, and retaliation in violation of FEHA; (8) discriminatory termination; (9) interfering with rights and refusing an employee's request for a California Family Rights Act ("CFRA") leave; (10) retaliatory termination for requesting and going on a family care leave; (11) intentional infliction of emotional distress; (12) unfair business practices in violation of California Business and Professions Code §17200, *et seq*.; and (13) declaratory relief. *See* **Exhibit A**.

2.  Defendant Optum Services was served with a copy of the Summons, Complaint, and related court documents on February 29, 2024. *Ibid.*

3.  As of the filing of this Notice of Removal, Defendants UNITEDHEALTH GROUP INCORPORATED, OPTUM, INC., and MARION COLEMAN have not been served with a copy of the Summons, Complaint, and related court documents.

4.  On April 2, 2024, Defendant Optum Services filed its Answer to the Complaint in state court, asserting a general denial as permitted by California Code of Civil Procedure section 431.30(d) and various affirmative defenses. *See* **Exhibit B.**

## I. TIMELINESS OF REMOVAL

5.  This removal has been filed within thirty (30) days after Defendant Optum Services was first served with a copy of Plaintiff's Summons and Complaint on February 29, 2024. Thus, all served defendants consent to removal of this action to the United States

District Court for the Central District of California. 28 U.S.C. 1446(b)(2)(A). No previous Notice of Removal has been filed or made with this Court for the relief sought. Therefore, this Notice of Removal is filed within the time provided by 28 U.S.C. § 1446(b), because it is being filed within the statutory deadline.

6. Moreover, as of the time of this removal, Defendant Optum Services is informed and believes that Defendant Marion Coleman ("Defendant Coleman") has not been properly joined and served. In this jurisdiction, removal is permitted before proper service on the forum defendant is effectuated. *See Dechow v. Gilead Scis., Inc.*, 358 F.Supp.3d 1051, 1054 (C.D. Cal. 2019). Thus, removal is permitted in these circumstances. *Dechow,* 258 F.Supp.3d at 1055 ("the Court adopts the plain language interpretation of section 1441(b)(2) which requires a party to be properly joined *and* served before the forum defendant rule may limit the Court's jurisdiction") (emphasis added); *Zirkin v. Shandy Media, Inc.*, 2019 U.S. Dist. LEXIS 24540 at *5 (C.D. Cal. 2019) ("the Forum Defendant Rule only attaches if a plaintiff properly joins *and* properly serves at least one in-state defendant. This clear language is not open to multiple interpretations") (emphasis added).

7. Section 1441(b)(2), referred to as the "Forum Defendant Rule," restricts a defendant's ability to remove a case to federal court. *See* 28 U.S.C. § 1441(b)(2). "The statute, on its face, provides that a case cannot be removed 'if any of the parties in interest properly joined and served as defendants' is a citizen of the forum state." 28 U.S.C. § 1441(b)(2); *Dechow*, 358 F.Supp.3d at 1054. Thus, under the Forum Defendant Rule, removal based on diversity jurisdiction is generally permitted only if there are no forum defendants, meaning that none of the properly joined *and* served defendants are citizens of the state where the action is filed. *Id*. Accordingly, removal is proper.

## II. NOTICE TO ALL PARTIES AND STATE COURT

8. In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal along with all supporting pleadings will be promptly served on all parties and filed with the Clerk of the Riverside County Superior Court. All

procedural requirements for notice under 28 U.S.C. § 1446, therefore, will be followed and satisfied.

### III. THIS COURT HAS DIVERSITY JURISDICTION

9. This case meets the requirements of 28 U.S.C. § 1332(a) and may be removed to federal court pursuant to 28 U.S.C. § 1441 because it is a civil action: (1) "between citizens of different States"; (2) wherein the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1332(a), 1441.

10. Diversity of citizenship is determined "as of the time the complaint is filed, and removal is effected." *Strotek Corp. v. Air Transp. Ass'n of AmTracya*, 300 F.3d 1129, 1131 (9th Cir. 2002) (citations omitted).

11. In this case, complete diversity of citizenship exists between the properly joined and served parties.

#### A. Diversity of Citizenship is Satisfied.

12. Plaintiff is a resident of Riverside, California, as she admits in her Complaint Exhibit A, ¶ 1. During Plaintiff's employment with Defendant Optum Services, Plaintiff lived at 68430 Perlita Road, Cathedral City, CA 92234. Declaration of Lisa Holmes ("Holmes Decl.") at ¶ 6. Thus, there is sufficient evidence establishing that Plaintiff is a citizen of California. For diversity jurisdiction purposes, citizenship is determined by a person's domicile. "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986); *see also Zavala v. Deutsche Bank Tr. Co. Ams.*, 2013 U.S. Dist. LEXIS 96719, at *9 (N.D. Cal. July 10, 2013) (citations omitted) ("A party's residence is 'prima facie' evidence of domicile. In the absence of evidence to the contrary, [plaintiff] is a California citizen for diversity purposes."). A plaintiff's place of residency is evidence of her domicile absent affirmative allegations to the contrary. *District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941) ("The place where a man lives is properly taken to be his domicile until facts adduced establish the contrary.")

13. Although Defendant UNITEDHEALTH GROUP INCORPORATED ("Defendant UHG") has not been served, it is a Delaware corporation that maintains its principal place of business in Minnetonka, Minnesota. Holmes Decl. at ¶ 3. A corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c). The United States Supreme Court has specifically recognized that a corporation's "principal place of business" is its "nerve center" or the state where high level officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 80–81 (2010).

14. Defendant Optum Services is a Delaware corporation that maintains its principal place of business in Eden Prairie, Minnesota. Holmes Decl. at ¶ 4.

15. Although Defendant OPTUM, INC., ("Defendant Optum"), has not been served, it is a Delaware corporation that maintains its principal place of business in Eden Prairie, Minnesota. Holmes Decl. at ¶ 5.

### B. Defendant Marion Coleman is a Sham Defendant Whose Citizenship Must be Disregarded for Purposes of Removal.

16. Plaintiff alleges that Defendant Coleman is a citizen of California, making her a forum defendant pursuant to 28 U.S.C. § 1441(b). As an initial matter, as discussed above (*see* Paragraphs 6-7), Defendant Coleman has not been served and removal is permitted before proper service on the forum defendant is effectuated.

17. Further, this Court should disregard Defendant Coleman's citizenship because she has not been properly joined. Typically, complete diversity is necessary for a federal court to exercise diversity jurisdiction; however, "the fraudulent joinder doctrine provides that diversity jurisdiction is not automatically defeated by naming non-diverse defendants." *Weidman v. Exxon Mobil Corp.*, 776 F. 3d 214, 218 (4th Cir. 2015). The court can disregard, for jurisdictional purposes, the citizenship of certain defendants if it is found that a defendant was added merely to destroy diversity. *Ibid*. It must only be shown that "there is no possibility that a plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Mayes v. Rapoport*, 198 F. 3d 457, 464 (4th Cir.1999).

18. The addition of Defendant Coleman is improper given that it is nothing more than an attempt to destroy diversity, with no factual basis supporting any of the claims alleged against her. Plaintiff's Complaint does not include a single particularized allegation against Defendant Coleman. The four causes of action brought against Defendant Coleman are Plaintiff's causes of action for disability harassment in violation of FEHA; failure to prevent, investigate, and/or remedy unlawful harassment, discrimination, and retaliation in violation of FEHA; intentional infliction of emotional distress; and unfair business practices in violation of California Business and Professions Code §17200, *et seq*. Defendant Coleman cannot be held individually liable for any other causes of action alleged in Plaintiff's Complaint.

19. To prevail on a cause of action for harassment, Plaintiff must show that Defendant Coleman's statements were sufficiently severe or pervasive as to alter the conditions of employment. *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 707, 708 (2009); *Miller v. Dep't of Corrections*, 36 Cal. 4th 446, 464 (2005). "With respect to the pervasiveness of harassment, courts have held an employee generally cannot recover for harassment that is occasional, isolated, sporadic, or trivial; rather, the employee must show a concerted pattern of harassment of a repeated, routine, or a generalized nature." *Aguilar v. Avis Rent A Car System, Inc.*, 21 Cal.4th, 121, 131, *accord, Smith v. Northwest Financial Acceptance, Inc.,* 129 F.3d 1408, 1414 (10th Cir. 1997) ("isolated incidents of harassment, while inappropriate and boorish, do not constitute pervasive conduct"). That is, when the harassing conduct is not severe in the extreme, "more than a few isolated incidents" must have occurred to prove a claim based on working conditions. *See Landucci v. State Farm Ins. Co.*, 65 F. Supp. 3d 694, 709 (2014) (citation omitted); *Eyraud v. Swift Transp. Corp.*, 2018 U.S. Dist. LEXIS 79374, *8 (liability for age harassment may not be imposed for two isolated incidents, one incident asking "how old are you" to plaintiff, because the comments were not "severe, threatening, or humiliating enough to unreasonably interfere with [plaintiff's] work performance or create a hostile work environment."). Even if actions may retrospectively be found discriminatory if they are based on improper motives, the

remedies provided under FEHA would be those for discrimination, not harassment, for which an individual such as Defendant Coleman, cannot be held personally liable. *Roby v. McKesson Corp.*, 47 Cal. 4th 686, supra, at p. 707.

20. Plaintiff has no basis for imposing liability against Defendant Coleman on the third case of action for hostile work environment harassment. Plaintiff merely alleges that Defendant Coleman was her manager. On one occasion in 2019, Plaintiff alleges to have reported another employee's actions to her supervisor but makes no allegations regarding her supervisor's actions in response to this report. Nor does Plaintiff identify Defendant Coleman as this "supervisor." Plaintiff fails to provide any facts constituting any behavior of Defendant Coleman that could reasonably be considered severe or pervasive.

21. Plaintiff has no basis for imposing liability against Defendant Coleman on the seventh cause of action for "failure to prevent, investigate, and/or remedy unlawful harassment, discrimination, and retaliation in violation of FEHA" because "failure to prevent" under the FEHA does not impose individual liability. See, § 12940, subds. (h)(1) and (i); cf. *Applied Equipment Corp. v. Litton Saudi Arabia Ltd*. 7 Cal. 4th 503, 511 (1994); *Fiol v. Doellstedt* 50 Cal.App.4th 1318 (1996) ("[A] supervisory employee is not personally liable under the FEHA, as an aider and abettor of the harasser, for failing to take action to prevent the [] harassment of a subordinate employee.")

22. Plaintiff has no basis for imposing liability against Defendant Coleman on the eleventh cause of action for Intentional Infliction of Emotional Distress ("IIED"). To establish a claim for IIED against Defendant Coleman, Plaintiff must establish that *Coleman* engaged in "extreme and outrageous conduct" with "the intention of causing, or reckless disregard of the probability of causing, emotional distress." *Hughes v. Pair* 46 Cal.4th 1035,1050–1051 (2009). Plaintiff's Complaint does not include a single particularized allegation that Defendant Coleman took any action against Plaintiff, let alone action that could be considered "extreme and outrageous." Accordingly, there is no possibility that Plaintiff would be able to establish a cause of action for IIED against Defendant Coleman.

23. Finally, Plaintiff has no basis for imposing liability against Defendant Coleman on the twelfth cause of action for Unfair Competition under California Business & Professions Code 17200 ("UCL"). The Business and Professions Code does not include individual supervisors or managers as individuals who may be held personally liable under the Act. *Bradstreet v. Wong*, 161 Cal.App.4th 1440, 1458 (2008) disapproved on other grounds, *ZB, N.A. v. Superior Court*, 8 Cal.5th 175, 195. Although "an owner or officer of a corporation may be individually liable under the UCL if he or she actively and directly participates in the unfair business practice," this requires some oversight of the company's operations or some influence on corporate policy that resulted in the alleged unfair business practices. *Espinoza v. Hepta Run, Inc.*, 74 Cal. App. 5th 44, 59 (2022). Plaintiff makes no such allegation in her Complaint about Defendant Coleman, nor could she. As a Preservice Review Nurse LPN, Defendant Coleman was not an owner or officer of Defendant UHG, Optum Services, or Optum and she had no oversight over or influence on their operations or corporate policies. Holmes Dec., ¶ 8. As a result, Plaintiff's Complaint does not sufficiently plead unfair business practices against Defendant Coleman.

24. Plaintiff's Complaint fails to set forth any factual allegations against Defendant Coleman. Defendant Coleman has been fraudulently joined to this action for the sole purpose of defeating diversity of citizenship. Therefore, this Court should disregard Defendant Coleman's citizenship when determining diversity.

25. Lastly, the presence of Doe defendants has no bearing on the diversity of citizenship with respect to removal. *See* 28 U.S.C. § 1441(b)(1) ("[i]n determining whether a civil action is removable on the basis of jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

26. As such, complete diversity of citizenship exists between Plaintiff and all properly joined and served Defendants within the meaning of 28 U.S.C. § 1332.

**C.     The Amount in Controversy Exceeds $75,000.**

27. In analyzing the amount in controversy, the court assesses and assumes the "maximum recovery" the plaintiff could reasonably recover. *Strojnik v. Hyatt Hotels Corp.*,

No. CV-21-00741-PHX-DWL, 2022 U.S. Dist. LEXIS 29957, at *9 (D. Ariz. Feb. 18, 2022) (quoting *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019)). Nevertheless, a defendant does "not need to prove to a legal certainty that the amount in controversy requirement has been met." *Id.* at *10 (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88–89 (2014)). Rather, a defendant need only "provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." *Id.* (quoting *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)).

28. The amount in controversy may include general and special compensatory damages and attorneys' fees that are recoverable by statute. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998); *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982), cert. denied, 459 U.S. 945 (Attorney's fees may be taken into account to determine jurisdictional amount). Punitive damages may also be included in calculating the amount in controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963).

29. The amount in controversy here exceeds $75,000. The Prayer for Relief in Plaintiff's Complaint seeks an award of (1) "back pay, front pay, and other special damages according to proof"; (2) "damages, including but not limited to, all economic and non-economic damages and damages pursuant to Gov't Code Sections 12940(a), (j), (k), (n), (h), 12945.2, 12965(b), 12920.5, 12920, 12926"; (3) "punitive damages"; (4) "all statutory penalties pursuant to Labor Code sections 1102.5; 2699 (g), (1), 2699.5"; (7) "reasonable attorney's fees." Exhibit A, Prayer for Relief.

30. Here, the amount in controversy for compensatory damages exceeds $75,000. Plaintiff's claim for compensatory damages includes a prayer for backpay of her wages since her termination. Plaintiff alleges and Defendant Optum Services' records indicate that Plaintiff's termination took effect on January 2, 2022. Exhibit A, ¶ 19, Holmes Decl. at ¶ 7. At the time of her termination, Plaintiff was paid $18.44 per hour, or approximately $38,355 per year. Holmes Decl. at ¶ 7. Assuming she would have received no wage

increases following the date of her termination, the unpaid wages in controversy alone constitute more than $86,299. *Ibid*.

31. Plaintiff is also seeking to recover "future" lost wages or front pay. *Wysinger v. Automobile Club of Southern California*, 157 Cal. App. 4th 413, 427 (2007) ("Under FEHA, an employee . . . may be compensated for a future loss of earnings."). Both past and future loss of earnings are considered for purposes of calculating the amount of controversy, even though the amount of controversy is assessed at "the time of removal." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) ("…[T]here is no question that future wages are 'at stake' in the litigation, whatever the likelihood that [Plaintiff] will actually recover them.") One year of front pay would be approximately $38,355.

32. Moreover, when factoring in Plaintiff's request for attorneys' fees in this matter, there can be no doubt that the amount in controversy exceeds $75,000. Indeed, in discrimination and wrongful termination cases, plaintiffs' attorneys routinely charge their clients between $300–$1,000 per hour. *See Martinez v. Costco Wholesale Corp.*, No. 19-CV-1195-WVG at *35–36 (S.D. Cal. Feb. 23, 2023); *Polee v. Cent. Contra Costa Transit Auth.*, 516 F. Supp. 3d 993, 998 (N.D. Cal. 2021); *Huynh v. Hous. Auth. of the Cnty. of Santa Clara*, No. 14-CV-02367-LHK, at *9 (N.D. Cal. Mar. 17, 2017). Attorneys handling employment cases often spend more than 100 hours litigating a single case. *Lippold v. Godiva Chocolatier, Inc.*, 2010 U.S. Dist. LEXIS 47144, at *11 (N.D. Cal. Apr. 15, 2010); *see also Cagle v. C&S Wholesale Grocers, Inc.*, 2014 U.S. Dist. LEXIS 21571, at *30 (E.D. Cal. Feb. 18, 2014). Even at a conservative rate of $500 per hour, if Plaintiff's attorneys bill 100 hours, the attorneys' fees in controversy would be $50,000.

33. Here, the amount in controversy for punitive damages could also exceed $75,000. Plaintiff seeks punitive damages in relation to her first through eleventh causes of action. Exhibit A. In *Aucina v. Amoco Oil Co.*, the defendant-employer established the amount in controversy exceeded the jurisdictional minimum where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages. The

court noted that the defendant was a Fortune 500 Company, and that "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct" the plaintiff's claim for punitive damages "might alone" exceed the jurisdictional minimum. *See Aucina v. Amoco Oil Co.*, 871 F.Supp. 332, 334 (S.D.Iowa 1994).

34. In total, a conservative estimate of the amount in controversy is at least $174,654, at present. Accordingly, pursuant to § 1332(a), the amount in controversy requirement, for purposes of diversity jurisdiction, is satisfied here.

## IV. VENUE IS PROPER

35. Venue of this action lies in the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1441(a) and 1391(c), because this is the judicial district in which Plaintiff alleges the action arose, and where, based on information and belief, Plaintiff resides.

## V. NO ADMISSION

36. Defendant Optum Services does not concede in any way that the allegations in the Complaint or any other pleading discussed above are accurate, nor does Defendant Optum Services concede that Plaintiff is entitled to any compensatory or statutory damages, injunctive relief, restitution, civil penalties, punitive damages, attorneys' fees, or any other relief.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

WHEREFORE, Defendant Optum Services removes the above-entitled action now pending in the Superior Court of the State of California for the County of Riverside to this Court.

DATED: April 2, 2024                         JACKSON LEWIS P.C.

                                            By: */s/ Patricia A. Matias*
                                                Patricia A. Matias
                                                Rochelle N. Miller

                                                Attorneys for Defendant
                                                OPTUM SERVICES, INC.

4860-5373-1761, v. 2