# EXHIBIT A

Electronically Filed Superior Court of California County of Riverside on 02/29/2024 03:51:00 PM
Case Number CVPS2400936 0000085752962 - Jason B. Galkin, Executive Officer/Clerk of the Court By Victoria Lopez, Clerk

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | *FOR COURT USE ONLY* |
|---|---|
| JS Abrams Law PC<br>Navid Kanani SBN 270797<br>20501 Ventura Blvd., Suite 165<br>Woodland Hills, CA 91364<br>TELEPHONE NO: 818-330-4515   FAX NO *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*: navid@jsafirm.com<br>ATTORNEY FOR *(Name)*: Plaintiff | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Riverside |
|---|
| STREET ADDRESS:   3255 E. Tahquitz Canyon Way<br>MAILING ADDRESS:<br>CITY AND ZIP CODE:   Palm Springs, 92262-6996<br>BRANCH NAME:   Riverside-Palm Springs |

| PLAINTIFF / PETITIONER:   Laura Patricia Martinez<br>DEFENDANT / RESPONDENT:   United Health Group, Inc., et al | CASE NUMBER:<br>CVPS2400936 |
|---|---|

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>10518040 (22336767) |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] Summons
   b. [X] Complaint
   c. [ ] Alternative Dispute Resolution (ADR) Package
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] Cross-Complaint
   f. [X] Other *(specify documents)*:   Certificate of Counsel, Notice of Case Management Conference, Notice of Department Assignment
3. a.   Party served *(specify name of party as shown on documents served)*:
      Optum Services, Inc.
   b. [X]   Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
      CT Corporation System - Diana Ruiz, Intake Specialist - Person Authorized to Accept Service of Process
4. Address where the party was served:
   330 North Brand Blvd #700, Glendale, CA 91203
5. I served the party *(check proper box)*
   a. [X]   **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:   Thu, Feb 29 2024      (2) at *(time)*:   12:24 PM
   b. [ ]   **by substituted service.** On *(date)*:                    at *(time)*:                    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) [ ]   **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) [ ]   **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [ ]   **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) [ ]   I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:                    from *(city)*:                    or [ ] a declaration of mailing is attached.
      (5) [ ]   I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Page 1 of 2
Code of Civil Procedure, § 417.10

| PLAINTIFF / PETITIONER:   Laura Patricia Martinez | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:   United Health Group, Inc., et al | CVPS2400936 |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1)  on *(date)*:        (2)  from *(city)*:

    (3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4)  ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.  ☐  **by other means** *(specify means of service and authorizing code section)*:

    ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

  a.  ☐  as an individual defendant.

  b.  ☐  as the person sued under the fictitious name of *(specify)*:

  c.  ☐  as occupant.

  d.  ☒  On behalf of *(specify)*:   Optum Services, Inc.

    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☒  416.10 (corporation) | ☐  415.95 (business organization, form unknown) |
| ☐  416.20 (defunct corporation) | ☐  416.60 (minor) |
| ☐  416.30 (joint stock company/association) | ☐  416.70 (ward or conservatee) |
| ☐  416.40 (association or partnership) | ☐  416.90 (authorized person) |
| ☐  416.50 (public entity) | ☐  415.46 (occupant) |
| ☐  other: | |

7.  **Person who served papers**

  a.  Name:               Martha Mauricio

  b.  Address:           1400 N McDowell Blvd, Suite 300, Petaluma, CA  94954

  c.  Telephone number:    800-938-8815

  d.  **The fee** for service was:  $50.00

  e.  I am:

    (1)  ☐  not a registered California process server.

    (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).

    (3)  ☒  a registered California process server:

      (i)   ☐  owner  ☐  employee  ☒  independent contractor

      (ii)  Registration No:   2023117509

      (iii) County:   Los Angeles

8.  ☒  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:   February 29, 2024

Martha Mauricio

_____
(NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

InfoTrack US, Inc. - P000634
1400 N McDowell Blvd, Suite 300
Petaluma, CA  94954
800-938-8815

_____
(SIGNATURE)

Electronically FILED by Superior Court of California, County of Riverside on 02/13/2024 12:00 AM
Case Number CVPS2400936 0000083601644 - Jason B. Galkin, Executive Officer/Clerk of the Court By Cynthia Chagoya, Clerk

NAVID KANANI, ESQ. (SBN 270797)
NATALEEN S. MARKARIAN, ESQ. (SBN 349538)
**JS ABRAMS LAW, PC**
20501 Ventura Blvd., Suite 165
Woodland Hills, California 91364
Phone (818) 330-4515 | Fax: (818) 330-4138
Email: Navid@jsafirm.com
          Nataleen@jsafirm.com

Attorney for Plaintiff,
Laura Patricia Martinez

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF RIVERSIDE

LAURA PATRICIA MARTINEZ, an individual;

              Plaintiff,

Vs.

UNITED HEALTH GROUP, INC.; OPTUM SERVICES, INC.; OPTUM, INC.; MARION COLEMAN, an individual; DOES 1 through 100, Inclusive.

              Defendant.

Case No.: CVPS2400936

**PLAINTIFF'S COMPLAINT FOR DAMAGES FOR:**

1. Wrongful Termination in Violation of Public Policy;
2. Disability and Medical Condition Based Discrimination (Gov. Code §12940(a));
3. Disability Harassment (Gov. Code §12940(j) and (k));
4. Failure to Accommodate (Gov. Code §12940(m));
5. Failure to Engage in the Interactive Process (Gov. Code §12940(n));
6. Retaliation in Violation of the Fair Employment & Housing Act (Gov. Code §12940(h));
7. Failure to Prevent, Investigate and/or Remedy Unlawful Harassment, Discrimination and Retaliation (Gov. Code §12940(j) & (k));
8. Discriminatory Termination (Gov. Code §12945.2);
9. Interfering with the Rights and Refusing an Employee's Request for a CFRA Family Care Leave (Gov. Code §12945.2(a));
10. Retaliatory Termination for Requesting and Going on a Family Care Leave (Gov. Code §12945.2);
11. Intentional Infliction of Emotional Distress;
12. Unfair Business Practices (B&P Code

-1-

PLAINTIFF'S COMPLAINT FOR DAMAGES

§17200);
13. Declaratory Relief.

**DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff LAURA PATRICIA MARTINEZ (hereinafter "Plaintiff") and alleges and complains against Defendants UNITED HEALTH GROUP, INC.; OPTUM SERVICES, INC.; OPTUM, INC.; MARION COLEMAN, an individual (hereinafter collectively referred to as "Defendants") and DOES 1 to 100, Inclusive as follows:

## I. JURISDICTION AND VENUE

1.      Jurisdiction and venue are proper in this Court because all the claims alleged herein arose in Riverside County and all the parties were and/or are residents of Riverside County or are doing or did business in Riverside County at all times relevant herein.

2.      The amount in controversy herein is within the jurisdictional limit of this court.

## II. EXHAUSTION OF ADMINISTRATIVE REMEDIES

3.      Plaintiff has met all of the jurisdictional requirements for proceeding with its claims under the Fair Employment and Housing Act ("FEHA"), codified at California Government Code, Section 12960, et seq., by timely filing administrative complaints with the Department of Fair Employment and Housing ("DFEH") and receiving a Notice of Case Closure and a Right to Sue letter ("Right To Sue letter") as attached as Exhibit A.

## III. PARTIES

4.      Plaintiff was at all relevant times hereto an employee of Defendant OPTUM SERVICES, INC., (hereinafter "OSI"), a subsidiary of Defendant UNITED HEALTH GROUP (hereinafter "UHG"). Plaintiff started her employment with the Defendant OSI on or about September 8, 2016, as a Clinical Administrative Coordinator.

5.      During her employment at Defendant OSI Plaintiff performed her duties in an exemplary and timely manner. Plaintiff was ultimately terminated on or about January 2, 2022.

6.     Plaintiff is informed and believes and thereon alleges that Defendant UHG is and at all times mentioned in this complaint authorized to operate by the State of California and authorized and qualified to do business in Riverside County.

7.     Plaintiff is informed and believes and thereon alleges that Defendant OSI is and at all times mentioned in this complaint authorized to operate by the State of California and authorized and qualified to do business in Riverside County.

8.     Plaintiff is informed and believes and thereon alleges that Defendant OPTUM, INC. is and at all times mentioned in this complaint authorized to operate by the State of California and authorized and qualified to do business in Riverside County.

9.     Plaintiff is informed and believes and thereon alleges that Defendant MARION COLEMAN is and at all times mentioned in this complaint was an individual residing in Riverside County. Plaintiff is further informed and believes and thereon alleges that Defendant MARION COLEMAN is and at all times mentioned in this complaint is a Manager of Defendants.

## IV.  DOE DEFENDANT, AGENTS AND RATIFICATION

10.     The true names or capacities, whether individual, associate or otherwise, of Doe Defendants 1-100, inclusive, are unknown to Plaintiff and, therefore, Plaintiff sues these Doe Defendants by such fictitious names.   Plaintiff will seek leave of this Court to amend this Complaint to allege such names and capacities as soon as they are ascertained.   Plaintiff is informed and believes and thereon alleges that each of these fictitiously named Defendants are responsible in some manner for the occurrences alleged herein, and that Plaintiff's injuries and damages as alleged and set forth herein were proximately caused by such fictitiously named Defendants.

11.     Each of the individual Defendants is sued individually and in his or her capacity as an agent, representative, manager, supervisor, independent contractor and/or employee of Corporate Defendant.

12.     Plaintiff is informed and believes and thereon alleges that at all times relevant herein, each and every Defendant, including the Doe Defendants, acted in concert and in furtherance of

-3-

1

2

3    each other's interest. The acts of the individually named Defendants, as described herein, were

4    known to and ratified by all Defendants.  The acts and conduct of each and every Defendant, as

5    described herein, which were intentional and/or harassing and/or were not a normal part of

6    Plaintiff's employment and were not the result of a legitimate business necessity.

7        13.    Plaintiff is informed and believes and thereon alleges that at all times relevant herein,

8    each and every act complained of herein was engaged in or ratified by an officer, director or

9    managing agent of each Corporate Defendant and was done with malice, oppression or fraud.

### V. ALLEGATIONS COMMON TO ALL CAUSES OF ACTIONS

10       14.    Plaintiff began working for Defendant OSI on September 8, 2016, as a Clinical

11   Administrative Coordinator. Throughout her employment, Plaintiff was a loyal and hardworking

12   employee.

13       15.    In 2019, Plaintiff began experiencing hostility and harassment at work from a newly

14   hired clinical nurse (hereinafter "The Nurse"). The Nurse quickly became a problem within

15   Plaintiff's department by disrupting standard procedure, creating anxiety and uncertainty about

16   how and when work would be completed, and causing undue delay in the authorization of patient

17   care. The Nurse constantly harassed and belittled Plaintiff about performing The Nurse's duties.

18   This increased Plaintiff's already heavy workload and caused Plaintiff to fear for her ill patients

19   and their ability to access life-saving treatment in a timely manner. As a result of The Nurse's

20   incessant hostility toward Plaintiff, and Plaintiff's constant stress over patient care, Plaintiff

21   suffered severe anxiety, depression, and insomnia.

22       16.    Plaintiff requested help from OSI many times regarding the stress and hostility

23   created by The Nurse. In 2019, Plaintiff informed her immediate supervisor of The Nurse's

24   hostility and repeated demands for Plaintiff to perform work outside of her position and job

25   description. Then, Plaintiff reported the harassment and disfunction to the HR department, again

26   asking for help. Finally, Plaintiff reported the harassment to Blaine, her supervisor's supervisor.

27   Despite all of Plaintiff's requests for help from her superiors and HR, OSI failed to address

28   Plaintiff's concerns or take any action to remedy the situation. Feeling alone and unable to cope

-4-

with the increasing hostility, Plaintiff sought medical care and was placed on a medical leave of absence on April 12, 2021.

17.     Plaintiff's doctor completed UHG's Disability and Leave Healthcare Provider Statement on or before June 9, 2021. In this statement to UHG, Plaintiff's doctor specified Plaintiff's anticipated return to work date as January 10, 2022. Plaintiff remained committed to returning to work January 10, 2022 and undertook weekly therapy to ensure her readiness by this date. At all times during the process of her medical care and leave, Plaintiff provided Defendant all necessary information and documentation advising Defendant and requesting for medical leave.

18.     Despite having notice of Plaintiff's January 10, 2022 return date, the Defendants regularly contacted the Plaintiff to inquire about her return to work. These redundant inquiries from Defendants caused Plaintiff to experience additional stress and anxiety about losing her job. Plaintiff continued to direct Defendants to the medical documentation she had provided, with the January 10, 2022 return to work date.   When Plaintiff requested to discuss receiving accommodations upon her return to work, Defendants would not engage with Plaintiff and instead directed her to speak with her medical doctor.

19.     Regardless of Plaintiff's regular communication with Defendants regarding her intention to return to work on January 10, 2022, Plaintiff received a phone call from two of her superiors on or about December 27, 2021 informing Plaintiff that she was being terminated because she had not provided a return to work date. One of those superiors had been in direct communication with Plaintiff via text message about Plaintiff's intention to return on January 10, 2022. Confused, Plaintiff explained that she had provided a return to work date and that the date was days away from the termination she had just been informed of. Plaintiff was told that nothing could be done about her termination because her termination had already been processed and the termination letter was in the mail. On January 2, 2022, just days before Plaintiff's anticipated return to work, Defendants wrongfully terminated Plaintiff, claiming that she had not provided a return-to-work date.

///

1
2
3

## CAUSES OF ACTIONS

### FIRST CAUSE OF ACTION

FOR WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY AGAINST
DEFENDANTS OSI, UHG, AND DOES 1-100

20.     Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 19, inclusive, as though fully set forth herein.

21.     Plaintiff's employment was terminated in violation of fundamental public policies of the State of California, including, without limitation, the right to protections against discrimination and harassment because of a disability/medical condition, the right to object to, oppose and/or report harassment and/or retaliation, and the right to reasonable accommodations for a disability/medical condition.  These fundamental public policies inure to the benefit of the public, and not just the private interests of the employer and employee.

22.     As set forth above, said actions by Defendant were wrongful and in violation of the fundamental principles of the public policy of the State of California as reflected in its laws, objectives, and policies.  Said laws, which establish these fundamental public policies include, without limitation: California Code of Regulations Section 11901, et seq., Government Code Sections 12920, 12940, 12945, 12945.2 et seq., and California Labor Code Section 1102.5.

23.     As a direct and foreseeable result of the aforesaid acts of said Defendants, Plaintiff has lost and will continue to lose income and benefits in an amount to be proven at the time of trial.  Plaintiff claims such amount as damages together with pre-judgment interest pursuant to Civil Code section 3287 and/or any other provision of law providing for pre-judgment interest.

24.     As a result of the aforesaid acts of Defendant, Plaintiff claims general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial.

25.     The above-described acts of Defendant, by and through their managing agents, officers or directors, were engaged in with a deliberate, cold, callous, fraudulent and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard of Plaintiff and Plaintiff's rights.  Such acts were despicable, and constitute malice, fraud and/or oppression within

-6-

the meaning of Civil Code section 3294. Plaintiff requests an assessment of punitive damages against Defendant, in an amount to be proven at time of trial.

## SECOND CAUSE OF ACTION
FOR DISABILITY AND MEDICAL CONDITION DISCRIMINATION AGAINST DEFENDANTS OSI, UHG, AND DOES 1-100
[Government Code §12940(a)]

26.     Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 26, inclusive, as though fully set forth herein.

27.     Defendants and DOES 1 through 100, inclusive, are entities and/or employers governed by Government Code section 12940, et seq.

28.     At all relevant times, Plaintiff was an employee with disabilities and/or a medical condition that limited a major life and/or work activity as described herein.

29.     Despite her disabilities and/or medical condition, Plaintiff was able to perform the essential functions of her job with or without reasonable accommodations as of January 10, 2022.

30.     Defendants, and each of them, knew of Plaintiff's disabilities/medical condition and knew or should have known that they fell within the definition of disability under Government Code section 12926. Defendants further knew or should have known that despite her disabilities/medical condition, Plaintiff could perform the essential functions of her job with or without reasonable accommodations as of January 10, 2022.

31.     Despite their knowledge of the foregoing, Defendants took adverse action against Plaintiff, including failing to accommodate Plaintiff's disabilities/medical condition and refusing to return her position to her, therefore terminating her employment because of her disabilities/medical condition or the effects thereof.

32.     In engaging in the foregoing conduct, Defendants aided, abetted, incited, participated in, coerced and/or compelled unlawful employment practices in violation of California's Fair Employment and Housing Act.

33.     As a direct and foreseeable result of the aforesaid acts of said Defendants, Plaintiff has lost and will continue to lose income and benefits in an amount to be proven at the time of

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

trial.  Plaintiff claims such amount as damages together with pre-judgment interest pursuant to Civil Code section 3287 and/or any other provision of law providing for pre-judgment interest.

34.     As a result of the aforesaid acts of Defendants, Plaintiff claims general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial.

35.     The above-described acts of Defendants, by and through their managing agents, officers or directors, were engaged in with a deliberate, cold, callous, fraudulent and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard of Plaintiff and Plaintiff's rights.  Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil Code section 3294.  Plaintiff requests an assessment of punitive damages against Defendant, in an amount to be proven at time of trial.

36.     Plaintiff will also seek and is entitled to recover attorney's fees in connection with this cause of action under Government Code section 12940, et seq.

### THIRD CAUSE OF ACTION
FOR DISABILITY/MEDICAL CONDITION-BASED HARASSMENT AGAINST ALL
DEFENDANT AND DOES 1-100
[Government Code §12940(j) & (k)]

37.     Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 36, inclusive, as though fully set forth herein.

38.     The above-described actions by Defendants, and DOES 1 through 100, inclusive, and/or their agents/employees, constitute unlawful disability-based harassment in violation of the California Fair Employment and Housing Act, codified in Government Code section 12940(j) & (k).

39.     This conduct was so severe or pervasive as to interfere with Plaintiff's medical leave and create a hostile and abusive employment relationship.  Further, such conduct was unwanted, unwelcome and offensive to Plaintiff, and would have been offensive to a reasonable person with Plaintiff's disabilities/medical condition.

40.     Defendants and DOES 1 through 100, inclusive, subjected Plaintiff to an on-going pattern of unwanted, unnecessary and offensive harassment as detailed above.

-8-

41.     The conduct, statements, acts and omissions described herein were an ongoing part of a continuing scheme and course of conduct.  Owners, directors, officers and managing agents of Defendants; and DOES 1 through 100, inclusive, participated in and/or knew the substance of the above-described facts and circumstances and ratified the wrongs and injuries mentioned herein by failing to investigate, prevent and/or remedy the wrongs.

42.     By failing to take all reasonable steps to prevent the disability-based harassment from occurring, Defendants, and each of them, committed unlawful employment practices as described and prohibited in California Government Code section 12940, et. seq.

43.     In engaging in the aforementioned conduct, Defendants, and each of them, aided, abetted, incited, compelled, and/or coerced unlawful employment practices in violation of the announced policy of this State against such practices.

44.     Defendants and DOES 1 through 100, knew or should have known of the individual Defendant's harassment of Plaintiff, yet failed to take appropriate and timely corrective and preventative action in that regard.

45.     The foregoing conduct engaged in by Defendants, and DOES 1 through 100, and each of their directors, officers and/or managing agents, constitutes malice, fraud and oppression and was carried on with a conscious and willful disregard of Plaintiff's right to medical leave free of disability-based harassment so as to entitle Plaintiff to punitive damages to punish and set an example of said Defendants.

46.     As a direct and foreseeable result of the aforesaid acts and/or omissions of said Defendants, Plaintiff has lost and will continue to lose income and benefits in an amount to be proven at the time of trial.  Plaintiff claims such amount as damages together with pre-judgment interest pursuant to Civil Code section 3287 and/or any other provision of law providing for pre-judgment interest.

47.     As a result of the aforesaid acts of Defendants, Plaintiff claims general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial.

48.     Plaintiff will also seek and is entitled to recover attorney's fees in connection with

-9-

this cause of action under California Government Code section 12940, et seq.

**FOURTH CAUSE OF ACTION**

FOR FAILURE TO ACCOMMODATE AGAINST DEFENDANT UHG AND DOES 1-100
[Government Code §12940(m)]

49.     Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 48, inclusive, as though fully set forth herein.

50.     Defendants and DOES 1 through 100, are entities and/or employers governed by Government Code section 12940, et seq.

51.     At all relevant times, Plaintiff was an employee with disabilities and/or a medical condition that limited a major life and/or activity as described herein.

52.     Despite her disabilities/medical condition, Plaintiff was able to perform the essential functions of her job with or without reasonable accommodations as of January 10, 2022.

53.     Defendants, and each of them, knew of Plaintiff's disabilities/medical condition and knew or should have known that they fell within the definition of disability under Government Code section 12926. Defendants further knew or should have known that despite her disabilities/medical conditions, Plaintiff could perform the essential functions of her job with or without reasonable accommodations as of January 10, 2022.

54.     Despite their knowledge of the foregoing, Defendants failed to accommodate Plaintiff's disabilities/medical condition by, inter alia and not by way of limitation, harassing Plaintiff during her medical leave and then terminating Plaintiff's employment by refusing to allow her to return to work after being cleared from taking medical leave.

55.     In engaging in the foregoing conduct, Defendants aided, abetted, incited, participated in, coerced and/or compelled unlawful employment practices in violation of California's Fair Employment and Housing Act.

56.     As a direct and foreseeable result of the aforesaid acts of said Defendants, Plaintiff has lost and will continue to lose income and benefits in an amount to be proven at the time of trial.  Plaintiff claims such amount as damages together with pre-judgment interest pursuant to

-10-

Civil Code section 3287 and/or any other provision of law providing for pre-judgment interest.

57.     As a result of the aforesaid acts of Defendants, Plaintiff claims general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial.

58.     The above-described acts of Defendants, by and through their managing agents, officers or directors, were engaged in with a deliberate, cold, callous, fraudulent and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard of Plaintiff and Plaintiff's rights.  Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil Code section 3294.  Plaintiff requests an assessment of punitive damages against Defendants, in an amount to be proven at time of trial.

59.     Plaintiff will also seek and is entitled to recover attorney's fees in connection with this cause of action under Government Code section 12940, et seq.

### FIFTH CAUSE OF ACTION
FOR FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS AGAINST DEFENDANT
UHG AND DOES 1-100
[Government Code §12940(n)]

60.     Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 59, inclusive, as though fully set forth herein.

61.     Defendants and DOES 1 through 100; are entities and/or employers governed by Government Code section 12940, et seq.

62.     At all relevant times, Plaintiff was an employee with disabilities and/or a medical condition that limited a major life and/or work activity as described herein.

63.     Despite her disabilities/medical condition, Plaintiff was able to perform the essential functions of her job with or without reasonable accommodations as of January 10, 2022.

64.     Defendants, and each of them, knew of Plaintiff's disabilities/medical condition and knew or should have known that they fell within the definition of disability under Government Code section 12926.  Defendants further knew or should have known that despite her disabilities/medical condition, Plaintiff could perform the essential functions of her job with or without reasonable accommodations as of January 10, 2022.

-11-

65.     Defendants also knew, or should have known, of the need to accommodate Plaintiff's disabilities, including the need to engage in the interactive process to determine how to achieve a reasonable accommodation for Plaintiff.  However, Defendants failed and refused to engage in the interactive process with Plaintiff, despite Plaintiff's specific request(s) for consideration of accommodations.

66.     Instead of engaging in the interactive process, Defendants took adverse action against Plaintiff. This includes the failure to accommodate her disabilities/medical condition for the duration of her medical leave, harassing Plaintiff during her medical leave, and ultimately terminating her employment because of her disabilities.

67.     In engaging in the foregoing conduct, Defendants aided, abetted, incited, participated in, coerced and/or compelled unlawful employment practices in violation of California's Fair Employment and Housing Act.

68.     As a direct and foreseeable result of the aforesaid acts of said Defendants, Plaintiff has lost and will continue to lose income and benefits in an amount to be proven at the time of trial.  Plaintiff claims such amount as damages together with pre-judgment interest pursuant to Civil Code section 3287 and/or any other provision of law providing for pre-judgment interest.

69.     As a result of the aforesaid acts of Defendants, Plaintiff claims general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial.

70.     The above-described acts of Defendants, by and through their managing agents, officers or directors, were engaged in with a deliberate, cold, callous, fraudulent and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard of Plaintiff and Plaintiff's rights.  Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil Code section 3294.  Plaintiff requests an assessment of punitive damages against Defendant, in an amount to be proven at time of trial.

71.     Plaintiff will also seek and is entitled to recover attorney's fees in connection with this cause of action under Government Code section 12940, et seq.

///

-12-

1

2

3

**SIXTH CAUSE OF ACTION**

FOR UNLAWFUL RETALIATION AGAINST DEFENDANT UHG AND DOES 1-100
[Government Code §§12940(h) & (i)]

72.     Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 71, inclusive, as though fully set forth herein.

73.     Defendants and DOES 1 through 100, and/or their agents/employees, are entities or individuals subject to suit under the California Fair Employment and Housing Act, Government Code §12940, et seq.

74.     During her employment by Defendants, Plaintiff engaged in legally protected activity by: (a) reporting and/or opposing disability-based harassment; (b) reporting and/or opposing retaliation for having reported disability-based harassment; and (c) seeking reasonable accommodations in the form of a medical leave of absence, among others.

75.     After Plaintiff engaged in the foregoing described protected activity, she was subjected to adverse employment actions as described above, including the termination of her employment.

76.     The foregoing described adverse employment actions were taken in part or in whole because of Plaintiff's legally protected activity.

77.     In engaging in the aforementioned conduct, Defendants, and each of them, aided, abetted, incited, compelled, and/or coerced unlawful employment practices in violation of the announced policy of this State against such practices.

78.     As a direct and foreseeable result of the aforesaid acts of said Defendants, Plaintiff has lost and will continue to lose income and benefits in an amount to be proven at the time of trial.  Plaintiff claims such amount as damages together with pre-judgment interest pursuant to Civil Code section 3287 and/or any other provision of law providing for pre-judgment interest.

79.     As a result of the aforesaid acts of Defendants, Plaintiff claims general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial.

80.     The above-described acts of Defendants, by and through their managing agents,

-13-

officers or directors, were engaged in with a deliberate, cold, callous, fraudulent and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard of Plaintiff and Plaintiff's rights.  Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil Code section 3294.

81.    Plaintiff requests an assessment of punitive damages against Defendants, in an amount to be proven at time of trial.

82.    Plaintiff will also seek and is entitled to recover attorney's fees in connection with this cause of action under California Government Code section 12940, et seq.

## SEVENTH CAUSE OF ACTION
### FOR FAILURE TO PREVENT, INVESTIGATE, AND REMEDY DISCRIMINATION, HARASSMENT AND/OR RETALIATION AGAINST ALL DEFENDANTS AND DOES 1-100
### [Government Code §12940(k)]

83.    Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 82, inclusive, as though fully set forth herein.

84.    Defendants and DOES 1 through 100, and/or their agents/employees, failed to take all reasonable steps necessary to prevent discrimination, harassment and retaliation in employment from occurring. Further, said Defendants knew or should have known of the discrimination, harassment and retaliation against Plaintiff described above, yet failed to conduct an adequate investigation into the nature and substance of the discrimination/harassment/retaliation and failed to take immediate and appropriate corrective action so as to discipline any of the offenders.

85.    The response of Defendants, and/or their agents/employees, to that knowledge was so inadequate as to establish a deliberate indifference to, or tacit authorization of, the alleged offensive practices, and an affirmative causal link existed between Defendants' inaction and the injuries suffered by Plaintiff.

86.    By failing to take all reasonable steps necessary to prevent discrimination, harassment and retaliation, and by failing to properly investigate and remedy the discrimination, harassment and retaliation that occurred, Defendants committed unlawful employment practices

-14-

1

2

3

as described and prohibited in Government Code section 12940(k).

87.     In engaging in the aforementioned conduct, Defendants, and each of them, aided, abetted, incited, compelled, and/or coerced unlawful employment practices in violation of the announced policy of this State against such practices.

88.     As a direct and foreseeable result of the aforesaid acts of said Defendants, Plaintiff has lost and will continue to lose income and benefits in an amount to be proven at the time of trial.  Plaintiff claims such amount as damages together with pre-judgment interest pursuant to Civil Code section 3287 and/or any other provision of law providing for pre-judgment interest.

89.     As a result of the aforesaid acts of Defendants, Plaintiff claims general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial.

90.     The above-described acts of Defendants, by and through their managing agents, officers or directors, were engaged in with a deliberate, cold, callous, fraudulent and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard of Plaintiff and Plaintiff's rights.  Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil Code section 3294.  Plaintiff requests an assessment of punitive damages against Defendants, in an amount to be proven at time of trial.

91.     Plaintiff will also seek and is entitled to recover attorney's fees in connection with this cause of action under Government Code section 12940, et seq.

### EIGHTH CAUSE OF ACTION
DISCRIMINATORY TERMINATION AND VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT AGAINST DEFENDANT UHG AND DOES 1-100
[Government Code §12945.2]

92.     Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 91, inclusive, as though fully set forth herein.

93.     At all times herein mentioned, FEHA, Government Code § 12900-12996, was in full force and effect and was binding on Defendant.  This included Government Code § 12945.2 which is commonly referred to as the California Family Rights Act ("CFRA").  This statute required Defendants to refrain from discriminating, retaliating against or terminating any employee on the

-15-

1
2
3

basis of that employee's need to take a medical leave of absence due to a serious health condition.

4

94.     Plaintiff believes and thereon alleges that she was qualified for a CFRA medical leave of absence during her employment with Defendants.  Plaintiff suffered from acute stress disorder, generalized anxiety disorder, and major depressive disorder, which are serious medical conditions.  Plaintiff informed Defendants about her serious medical condition upon its occurrence and informed them that she would need to take a family care leave of absence. At the time that Plaintiff requested her leave of absence as afforded to her by CFRA, she was working the minimum requirement of 1250 hours during the 12 months preceding the time that her CFRA leave commenced.  Plaintiff further believes and thereon alleges that at the time that her CFRA leave was requested, Defendants employed 50 or more employees.

95.     As a proximate result of Defendants' willful, knowing and intentional discrimination against and termination of Plaintiff's employment, Plaintiff has sustained and continues to sustain substantial losses in earnings and other employment benefits.

96.     As a proximate result of Defendants' willful, knowing, and intentional discrimination against and termination of Plaintiff's employment, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

97.     Defendants' discrimination and termination of Plaintiff's employment was intentionally done in a malicious and oppressive manner, entitling Plaintiff to punitive damages.

98.     Plaintiff has incurred and continues to incur legal expenses and attorney fees in a sum according to proof.

## <u>NINTH CAUSE OF ACTION</u>
### INTERFERING WITH THE RIGHTS AND REFUSING AN EMPLOYEE'S REQUEST FOR A CFRA FAMILY CARE LEAVE AGAINST DEFENDANT UHG AND DOES 1-100
[Government Code §12945.2(a)]

99.     Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 98, inclusive, as though fully set forth herein.

100.   At all times herein mentioned, FEHA, Government Code § 12900-12996, was in full

-16-

force and effect and was binding on Defendants.  This included Government Code § 12945.2(a) which is commonly referred to as the California Family Rights Act.  ("CFRA") This statute required Defendants to refrain from interfering with the rights, and/or refusing an employee's request for up to 12 weeks of family care leave in a year.

101.   Plaintiff believes and thereon alleges that she was qualified for a CFRA family care leave of absence during her employment with Defendants.  Plaintiff suffered from a serious medical condition and/or disability related to her stress, anxiety and depression.  Plaintiff's illness was a serious medical condition and as a result of it Plaintiff was required to take a family care leave of absence.  Plaintiff informed Defendants about her need to take a family care leave of absence. At the time that Plaintiff requested her leave of absence as afforded to her by CFRA, she was working the minimum requirement of 1250 hours during the 12 months preceding the time that her CFRA leave was requested.  Also, at the time that Plaintiff requested her leave of absence afforded to her by CFRA, she had not taken 12 weeks of family care leave in the preceding year. Plaintiff further believes and thereon alleges that at the time that her CFRA leave was requested, Defendants employed 50 or more employees.

102.   Plaintiff is informed, believes, and from hereon alleges that Defendants burdened and interfered with her proper family care leave request.  Defendants unlawfully interfered with Plaintiff's medical leave by regularly harassing Plaintiff about her return and thereafter terminating Plaintiff's employment while on medical leave and after she informed them of her ability to return from a CFRA family care leave of absence.  Plaintiff believes and thereon alleges that the family care leave of absence that she requested was a motivating factor in Defendants' termination of her employment.

103.   As a proximate result of Defendants' willful, knowing and intentional interference with Plaintiff's CFRA rights, discrimination against and termination of Plaintiff's employment, Plaintiff has sustained and continues to sustain substantial losses in earnings and other employment benefits.

104.   As a proximate result of Defendants' willful, knowing, and intentional interference

-17-

with Plaintiff's CFRA rights, discrimination against and termination of Plaintiff's employment, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

105.   Defendants' interference with Plaintiff's CFRA rights, discrimination against and termination of Plaintiff's employment was intentionally done in a malicious and oppressive manner, entitling Plaintiff to punitive damages.

106.   Plaintiff has incurred and continues to incur legal expenses and attorney fees in a sum according to proof.

### **TENTH CAUSE OF ACTION**
RETALIATORY TERMINATION IN VIOLATION OF THE CFRA FOR REQUESTING AND GOING ON LEAVE AGAINST DEFENDANT UHG AND DOES 1-100
[Government Code §12945]

107.   Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 106, inclusive, as though fully set forth herein.

108.   At all times herein mentioned, the Fair Employment and Housing Act ("FEHA"), Government Code § 12940(a), et seq., were in full force and effect and binding on Defendants.  At all relevant times, Defendants were subject to the California Family Rights Act, ("CFRA") Government Code § 12945.2, which is part of the FEHA.  The CFRA required Defendants to allow Plaintiff up to twelve (12) work weeks of leave for a qualifying leave, the right to preservation of benefits during the leave period, the right to reinstatement upon completion of the protected leave, and the prohibition against retaliation for exercising Plaintiff's rights. At all relevant times Plaintiff was eligible to take a CFRA leave as she was employed by Defendants for more than 3 years and had not exhausted the twelve work weeks of leave guaranteed by the CFRA at the time of her termination.

109.   Due to Plaintiff's serious health condition, Plaintiff was required to take a medical leave of absence.

110.   Plaintiff exercised her right to a CFRA leave pursuant to her need for medical care. Plaintiff informed Defendants about her serious medical condition and informed Defendants that

-18-

she would be taking a family care leave of absence.

111.   Plaintiff believes and thereon alleges that her exercise of the CFRA leave was a motivating and substantial factor in Defendants' termination of her employment.

112.   As a proximate result of Defendants' willful, knowing and intentional retaliation and discrimination against and termination of Plaintiff's employment, Plaintiff has sustained and continues to sustain substantial losses in earnings and other employment benefits.

113.   As a proximate result of Defendants' willful, knowing, and intentional retaliation and discrimination against and termination of Plaintiff's employment, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

114.   Defendants' retaliation and discrimination against, and termination of, Plaintiff's employment was intentionally done in a malicious and oppressive manner, entitling Plaintiff to punitive damages.

115.   Plaintiff has incurred and continues to incur legal expenses and attorney fees in a sum according to proof.

## <u>ELEVENTH CAUSE OF ACTION</u>
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### AGAINST ALL DEFENDANTS

116.    Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 115 inclusive, as though fully set forth herein.

117.   Because of the intentional and outrageous conduct of Defendants, and each of them, as described hereinabove, and as a legal result thereof, Plaintiff sustained severe emotional distress and mental suffering, all of which has caused, continues to cause, and will cause her great physical and mental pain and suffering, all to her damage in an amount as yet unascertained, but subject to proof.  These damages have physically manifested in the form of physical illness, loss of sleep, anxiety, depression, headaches and other physical symptoms.  Accordingly, Plaintiff will seek prejudgment interest, pursuant to the provisions of California Civil Code.

118.   The outrageous conduct of Defendants, and each of them, was intended to injure Plaintiff and to cause Plaintiff to suffer emotional distress.  The unlawful, malicious and oppressive actions of Defendants' agents were ratified and approved by the remaining Defendants, and each of them.

119.   Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, as more fully set forth hereinabove, during which Defendants, and each of them, were engaged in those acts and omissions alleged, they intentionally acted with malice, oppression and fraud toward Plaintiff, and with a conscious disregard for Plaintiff's rights, and business, financial and personal interests, all thereby causing Plaintiff extreme emotional distress, anxiety, worry and financial loss, all in an amount as yet not fully ascertained, but subject to proof at trial.

120.   Defendants' conduct, as alleged herein, was outrageous and done with a conscious disregard of Plaintiff's rights and with the intent to vex, injure or annoy Plaintiff.

121.   Defendants' conduct was such as to constitute oppression, fraud or malice under Section 3294 of the California Civil Code, entitling Plaintiff to punitive damages in an amount appropriate to punish or set an example of Defendants.  Such conduct will be proved by Plaintiff by clear and convincing evidence.

**TWELFTH CAUSE OF ACTION**
UNFAIR BUSINESS PRACTICES AGAINST DEFENDANTS AND DOES 1-100
[Business And Professions Code Section 17200 Et Seq.]

122.   Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 121, inclusive, as though fully set forth herein.

123.   California Business & Professions Code Section 17200, et seq., prohibits acts of unfair competition, which means and includes any "fraudulent business act or practice . . ." and conduct, which is "likely to deceive" and is "fraudulent" within the meaning of Section 17200.

124.   Defendants' unfair business practice and fraudulent conduct began by its failure to allow Plaintiff to return to work after being cleared to do so by a medical professional. Moreover, Defendants engaged in the practice of retaliatory termination of Plaintiff.

-20-

125.   As more fully described above, the Defendants' acts and practices are likely to deceive, constituting a fraudulent business act or practice.  This conduct is ongoing and continues to this date.

126.   Specifically, the Defendants engage in deceptive business practices with respect to employment of individuals.

127.   The Defendants fail to act in good faith as they deceive employees into believing their employment is genuine and in compliance with applicable law.  Yet, Defendants proceeded with conduct that in contrary to California employment law.

128.   Moreover, the Defendants engage in a uniform pattern and practice of unfair and overly-aggressive discrimination of employees that suffer from disabilities.  The scheme implemented by the Defendants is designed to defraud California consumers and enrich the Defendant.

129.   The foregoing acts and practices have caused substantial harm to California consumers.

130.   As a direct and proximate cause of the unlawful, unfair and fraudulent acts and practices of the Defendants, Plaintiff and California consumers have suffered and will continue to suffer damages in the form of unfair and unwarranted terminations and discrimination.

131.   By reason of the foregoing, the foreclosing Defendants have been unjustly enriched and should be required to disgorge their illicit profits and/or make restitution to Plaintiff and other California consumers who have been harmed, and/or be enjoined from continuing in such practices pursuant to California Business & Professions Code Sections 17203 and 17204.  Additionally, Plaintiff is therefore entitled to injunctive relief and attorney's fees as available under California Business and Professions Code Sec. 17200 and related sections.

### **THIRTEENTH CAUSE OF ACTION**
DECLARATORY RELIEF – AGAINST DEFENDANT UHG AND DOES 1-100

132.   Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 131, inclusive, as though fully set forth herein.

-21-

133.   Cal. Gov. Code §12920 sets forth, in part, that "the public policy of [the State of California includes] that it is necessary to protect and safeguard the right and opportunity of all persons to seek [and] obtain … employment without discrimination or abridgement on account of physical [or] mental disability [and] medical condition … . "

134.   Cal. Gov. Code §12920.5 states, in part, that "[i]n order to eliminate discrimination, it is necessary to provide effective remedies that will both prevent and deter unlawful employment practices and redress the adverse effects of those practices on aggrieved persons."

135.   As described herein, an actual controversy has arisen and now exists between Plaintiff and Defendants as Plaintiff understands and believes Defendants have and will allege that their termination of her employment with them was based on non-discriminatory, legitimate reasons and also that Plaintiff's physical disability or medical condition were not substantial motivating factors for their decision and decisions to terminate her; however, and as set forth herein, Plaintiff contends that the reasons as provided by Defendants were a pretext to mask the truth that the bases of their constructive termination of her were illegal and discriminatory and based on her disability.

136.   Because of such controversy Plaintiff believes it is appropriate and necessary and thereby requests a judicial determination and declaration that her physical disability or medical conditions were substantial motivating factors in the decision of Defendants to terminate Plaintiff's employment.

137.   Plaintiff also believes a judicial declaration is appropriate and necessary at this time so that Plaintiff, on behalf of herself and other employees in the State of California and in conformity with the public policy of the State, may obtain a judicial declaration of the wrongdoing of Defendants and to condemn such discriminatory employment policies or practices as alleged herein pursuant to Harris v. City of Santa Monica (2013) 56 Cal. 4th 203.

138.   Plaintiff also believes a judicial declaration is appropriate and necessary at this time to ensure that Defendants be made aware of their obligations under the law to not engage in discriminatory practices and violate the law, as alleged herein, and also because the acts and

-22-

omissions of the Defendants have caused irreparable harm to Plaintiff, and will continue to cause irreparable harm to other similarly situated employees, unless the complained-of-conduct is enjoined, and then with no other immediate, adequate or speedy remedy at law to redress the continuing retaliatory policies and practices of Defendants, Plaintiff thereby seeks affirmative and injunctive relief as follows:

      a.    For an injunction restraining Defendants from continuing or maintaining any policy, practice, custom or usage which is discriminatory and harassing in nature against any employee and which would be in contravention of the FEHA;

      b.    for an injunction restraining Defendants, along with their or its officers, managers, supervising employees, agents, and all those subject to their or its control or acting in concert with them, from causing, encouraging, condoning or permitting the practice of discrimination and harassment of any employee and which would be in contravention of the FEHA;

      c.    for affirmative relief requiring Defendants to conduct the training of all their or its officers, managers, supervising employees and any others so situated so as to "sensitize" them to the harmful nature of discriminating and harassing employees as alleged herein.  The proposed plan of education and training should also include training for the prevention and detection of discrimination as well as for processes of investigating and correcting any such discriminatory or retaliatory practices;;

      d.    for affirmative relief requiring Defendants, to notify all their or its officers, managers, supervising employees and employees through individual letters and permanent postings in prominent locations in all offices that discrimination and harassment of employees as alleged herein (1) violates the FEHA and (2) the consequences of the violation of such laws and policies;

      e.    for affirmative relief requiring Defendants, to develop clear and effective policies and procedures for the maintenance of the process of responding to employees who request assistance with work-related injuries so that there are no

discriminatory or harassing acts in violation of the FEHA as alleged herein; and,

f.   for affirmative relief requiring Defendants, and each of them, to develop appropriate sanctions or disciplinary measures for officers, managers, supervisory employees or other employees who are found to have committed discriminatory and harassing acts as alleged herein, including warnings to the offending person and notations in that person's employment record for reference in the event future complaints are directed against that person, and then dismissal as well where other such measures have failed to prevent such actions by the offending person.

139.   Cal. Gov. Code §12965(b) provides that an aggrieved party, such as the Plaintiff herein, may be awarded its or their reasonable attorney's fees and costs of suit where it states:  "In civil actions brought under this section, the court, in its discretion, may award to the prevailing party … reasonable attorney's fees and costs ... ."  The purpose of awarding such fees and costs as expended or incurred by an aggrieved party is to redress, prevent, and deter discrimination of the sort complained herein and based thereon, Plaintiff requests that the Court award her the attorney's fees and costs she incurred in connection herewith.

**WHEREFORE,** Plaintiff LAURA PATRICIA MARTINEZ prays for judgment against Defendants, and DOES 1-100 as follows:

1.   For back pay, front pay, and other special damages according to proof;

2.   For damages, including, but not limited to, all economic and non-economic damages, and damages pursuant to Gov't Code Sections 12940(a), (j), (k), (n), (h), 12945.2, 12965(b), 12920.5, 12920, 12926;

3.   For punitive damages, where allowed by law;

4.   For a declaration of rights;

5.   For pre-judgment and post-judgment interest on all damages awarded;

6.   For all statutory penalties pursuant to Labor Code sections 1102.5; 2699 (g), (1), 2699.5; For reasonable attorney's fees as allowed by law or contract;

7.   For costs of suit incurred;

-24-

8.    That Defendants, their successors, officers, directors, managers, supervising employees, employees, agents, representatives and all persons who acted in concert with each other, and all of them, be permanently enjoined from committing any acts of discrimination and harassment, or engaging in other similar conduct, including the violations of the law as alleged in all of the Causes of Action herein and as are prohibited by the FEHA at Cal. Gov. Code §12900 et seq., in the future; and

9.    For such other relief, order, award of damages, and any other such remedy, restitution or compensation, as may be allowed by law and as the Court may find warranted, just and appropriate.

Date:  February 12, 2024                    JS ABRAMS LAW, PC

                                                By:  _____
                                                     Navid Kanani, Esq.
                                                     Nataleen S. Markarian, Esq.
                                                     Attorneys for Plaintiff
                                                     LAURA PATRICIA MARTINEZ

ADDITIONALLY, Plaintiff LAURA PATRICIA MARTINEZ demands a jury trial of the present case.

Date: February 12, 2024                     JS ABRAMS LAW, PC

                                                By:  _____
                                                     Navid Kanani, Esq.
                                                     Nataleen S. Markarian, Esq.
                                                     Attorneys for Plaintiff
                                                     LAURA PATRICIA MARTINEZ

# EXHIBIT A



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

January 18, 2024

Navid Kanani
20501 Ventura Boulevard, Ste 165
Woodland Hills, CA 91364

RE:   **Notice to Complainant's Attorney**
CRD Matter Number: 202312-23082226
Right to Sue: Martinez / UnitedHealth Group, Inc. et al.

Dear Navid Kanani:

Attached is a copy of your complaint of discrimination filed with the Civil Rights
Department (CRD) pursuant to the California Fair Employment and Housing Act,
Government Code section 12900 et seq. Also attached is a copy of your Notice of Case
Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 02/23)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

**Civil Rights Department**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

January 18, 2024

RE:   **Notice of Filing of Discrimination Complaint**
      CRD Matter Number: 202312-23082226
      Right to Sue: Martinez / UnitedHealth Group, Inc. et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil
Rights Department (CRD) in accordance with Government Code section 12960. This
constitutes service of the complaint pursuant to Government Code section 12962. The
complainant has requested an authorization to file a lawsuit. A copy of the Notice of
Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for CRD's Small Employer Family Leave Mediation Pilot
Program. Under this program, established under Government Code section
12945.21, a small employer with 5 -19 employees, charged with violation of the
California Family Rights Act, Government Code section 12945.2, has the right to
participate in CRD's free mediation program. Under this program both the
employee requesting an immediate right to sue and the employer charged with
the violation may request that all parties participate in CRD's free mediation
program. The employee is required to contact the Department's Dispute
Resolution Division prior to filing a civil action and must also indicate whether
they are requesting mediation.  The employee is prohibited from filing a civil
action unless the Department does not initiate mediation within the time period
specified in section 12945.21, subdivision (b) (4), or until the mediation is
complete or is unsuccessful. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled
from the date the employee contacts the Department regarding the intent to
pursue legal action until the mediation is complete or is unsuccessful. You may
contact CRD's Small Employer Family Leave Mediation Pilot Program by
emailing DRDOnlinerequests@dfeh.ca.gov and include the CRD matter number
indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their
contact information.

No response to CRD is requested or required.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 02/23)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**Civil Rights Department**

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

January 18, 2024

Laura Patricia Martinez

,

RE:   **Notice of Case Closure and Right to Sue**
CRD Matter Number: 202312-23082226
Right to Sue: Martinez / UnitedHealth Group, Inc. et al.

Dear Laura Patricia Martinez:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective January 18, 2024 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for CRD's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@dfeh.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days



STATE OF CALIFORNIA  |  Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**Civil Rights Department**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Civil Rights Department

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**Civil Rights Department**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Laura Patricia Martinez                                    CRD No. 202312-23082226

                              Complainant,

vs.

UnitedHealth Group, Inc.
9900 Bren Road E
Minnetonka, MN 55343

Marion Coleman
74361 CA-111 #3
Palm Desert, CA 92260

Optimum Services Inc.
PO Box 1459
Minneapolis, MN 55440

Optum, Inc.
11000 Optum Circle
Eden Prarie, MN 55344

                              Respondents

_____

**1.** Respondent **UnitedHealth Group, Inc.** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2**.Complainant is naming **Marion Coleman** individual as Co-Respondent(s).
Complainant is naming **Optimum Services Inc.** business as Co-Respondent(s).
Complainant is naming **Optum, Inc.** business as Co-Respondent(s).

**3**. Complainant **Laura Patricia Martinez**, resides in the City of **,** State of **.**

**4.** Complainant alleges that on or about **January 2, 2022**, respondent took the following adverse actions:

-1-
*Complaint – CRD No. 202312-23082226*

Date Filed: January 18, 2024

CRD-ENF 80 RS (Revised 12/22)

**Complainant was harassed** because of complainant's medical condition (cancer or genetic characteristic), other, disability (physical, intellectual/developmental, mental health/psychiatric), family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies.

**Complainant was discriminated against** because of complainant's medical condition (cancer or genetic characteristic), other, disability (physical, intellectual/developmental, mental health/psychiatric), family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies and as a result of the discrimination was terminated, reprimanded, suspended, asked impermissible non-job-related questions, denied any employment benefit or privilege, other, denied work opportunities or assignments, denied accommodation for a disability, denied employer paid health care while on family care and medical leave (cfra), denied family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation, requested or used family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies and as a result was terminated, reprimanded, suspended, asked impermissible non-job-related questions, denied any employment benefit or privilege, other, denied work opportunities or assignments, denied accommodation for a disability, denied employer paid health care while on family care and medical leave (cfra), denied family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies.

**Additional Complaint Details:** Complainant had a medical condition/disability for which she requested and needed accommodations. As a result of her medical condition/disabilty she was harassed and discriminated. After making compliaints, Complainant was retaliated against and wrongfully terminated.

-2-
*Complaint – CRD No. 202312-23082226*

Date Filed: January 18, 2024

CRD-ENF 80 RS (Revised 12/22)

1

VERIFICATION

2

3

I, **Navid Kanani**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

4

5

On January 18, 2024, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

6

**Woodland Hills, CA**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

-3-

27

Date Filed: January 18, 2024

28

CRD-ENF 80 RS (Revised 12/22)