# EXHIBIT B

Case Number: 5:24-cv-690

1 Patricia Ann Matias (SBN 254125)
  Rochelle N. Miller (SBN 352528)
2 JACKSON LEWIS P.C.
  200 Spectrum Drive, Suite 500
3 Irvine, California 92618
  Telephone: (949) 885-1360
4 Patricia.Matias@jacksonlewis.com
  Rochelle.Miller@jacksonlewis.com
5
  Attorneys for Defendant
6 OPTUM SERVICES, INC.

**SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

**COUNTY OF RIVERSIDE**

| | |
|---|---|
| LAURA PATRICIA MARTINEZ, an individual; | CASE NO. CVPS2400936 |
| Plaintiff, | |
| v. | **DEFENDANT OPTUM SERVICES, INC.'S ANSWER TO PLAINTIFF LAURA PATRICIA MARTINEZ'S UNVERIFIED COMPLAINT** |
| UNITED HEALTH GROUP, INC.; OPTUM SERVICES, INC.; OPTUM, INC.; MARION COLEMAN, an individual; DOES 1 through 100, inclusive, | |
| Defendant. | Complaint Filed: February 13, 2024 |

Defendant OPTUM SERVICES, INC. ("Defendant") hereby submits its Answer to Plaintiff LAURA PATRICIA MARTINEZ's ("Plaintiff") unverified Complaint for Damages ("Complaint") as follows:

**<u>GENERAL DENIAL</u>**

Pursuant to California Code of Civil Procedure section 431.30(d), Defendant on behalf of itself and no other party denies generally and specifically each and every allegation and cause of action contained in the Complaint and denies that Plaintiff has suffered any injury or been damaged in any sum whatsoever.

/ / /

/ / /

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to Plaintiff's Complaint and the causes of action alleged therein, and to each of them, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

1. The allegations contained in Plaintiff's Complaint, or any purported cause of action therein, fail to state any cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Statutes of Limitation)

2. Any recovery on Plaintiff's Complaint is barred by the applicable statutes of limitation, including but not limited to: California Code of Civil Procedure sections 335.1, 338, 339, 340 and 343; and California Government Code sections 12940, 12960 and 12965.

### THIRD AFFIRMATIVE DEFENSE
### (Workers' Compensation Preemption)

3. To the extent Plaintiff's Complaint, or any purported cause of action therein, alleges emotional or physical injury, this forum lacks jurisdiction, and any recovery is barred by the exclusivity of remedy under the California Workers' Compensation Act, Labor Code section 3600, *et seq.*

### FOURTH AFFIRMATIVE DEFENSE
### (Equitable Doctrines)

4. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred under the equitable doctrines of consent, waiver, estoppel, and/or unclean hands.

### FIFTH AFFIRMATIVE DEFENSE
### (Laches)

5. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in that Plaintiff was guilty of laches and unreasonable delay in bringing this action and in asserting any claim for relief against Defendant, causing substantial prejudice to Defendant.

///

///

## SIXTH AFFIRMATIVE DEFENSE

### (Offset)

6.   Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendant is entitled to an offset for any monies Plaintiff received from any source after Plaintiff ceased to be employed by Defendant under the doctrine prohibiting double recovery set forth by *Witt v. Jackson* (1961) 57 Cal.2d 57, and its progeny.

## SEVENTH AFFIRMATIVE DEFENSE

### (At-Will Employment)

7.   At all material times, Plaintiff was an at-will employee and, therefore, Plaintiff was subject to discharge at any time, with or without cause, so long as said discharge was not for an unlawful reason.

## EIGHTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

8.   Plaintiff's Complaint as a whole, and each purported claim and/or cause of action alleged therein, is barred, in whole or in part, and/or any recovery of damages is precluded because Plaintiff could have corrected any alleged unlawful conduct by reporting it so that Defendant could correct it promptly. Plaintiff unreasonably failed to take advantage of available preventive or corrective opportunities, and reasonable use of such preventative or corrective measures would have prevented at least some (or all) of the harm Plaintiff allegedly suffered. *State Dept. of Health Servs. v. Super. Ct. of Sacramento Cnty. (McGinnis)* (2000) 31 Cal.4th 1026.

## NINTH AFFIRMATIVE DEFENSE

### (Same Decision/Mixed Motives)

9.   Any recovery on Plaintiff's Complaint, or any purported cause of action therein, is barred because, assuming *arguendo* that unlawful reasons had been a motivating factor in any employment decision toward Plaintiff, Defendant would have made the same employment decision(s) toward Plaintiff for separate, legitimate, and lawful business reasons. *Harris v. City of Santa Monica* (2013) 56 Cal.4th 203.

/ / /

/ / /

## TENTH AFFIRMATIVE DEFENSE

**(Privileged & Justified Conduct)**

10. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because Defendant exercised its legal right to protect its economic interests, its conduct was lawful and consistent with community standards, and Defendant had a good faith belief that it had a legal right to engage in the conduct.

## ELEVENTH AFFIRMATIVE DEFENSE

**(Legitimate Business Purpose)**

11. Defendant alleges that it acted reasonably and in good faith based on all relevant facts and circumstances known at the time, and that all actions taken with regard to Plaintiff were taken for legitimate, good faith, and non-discriminatory and non-retaliatory business reasons.

## TWELFTH AFFIRMATIVE DEFENSE

**(Undue Hardship)**

12. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because accommodation of Plaintiff's alleged disability would have imposed an undue hardship upon Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

**(Bona Fide Occupational Qualification)**

13. Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because Defendant was entitled to consider a protected status as a bona fide occupational qualification.

## FOURTEENTH AFFIRMATIVE DEFENSE

**(Health or Safety Risk)**

14. Any recovery on Plaintiff's claim for disability discrimination is barred because, even with reasonable accommodation, Plaintiff was unable to perform an essential job duty without endangering her health or safety or the health or safety of others.

///

///

///

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Pre-Existing Conditions)

15. Defendant is not liable for Plaintiff's claim for damages set forth in the Complaint to the extent Plaintiff seeks redress for physical or emotional injuries arising from preexisting physical or mental conditions.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Exercise of Reasonable Care)

16. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendant exercised reasonable care to prevent and correct promptly any alleged discriminatory, harassing, and/or retaliatory behavior.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Managerial Immunity)

17. Any injury Plaintiff allegedly sustained as a result of any action by a management employee of Defendant is barred by the doctrine of managerial immunity.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Fundamental Public Policy)

18. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because the acts complained of within Plaintiff's Complaint do not trigger any fundamental public policy that was based on some statute or constitutional protection, well established at the time of Plaintiff's employment, and inuring to the benefit of the public as a whole rather than Plaintiff.

### NINETEENTH AFFIRMATIVE DEFENSE

### (No Certification from Health-Care Provider)

19. To the extent discovery may disclose a basis for such defense, any recovery on Plaintiff's claims for violation of CFRA is barred because Plaintiff failed to provide Defendant with the required certification from a health-care provider regarding her alleged need for leave.

/ / /

/ / /

/ / /

### TWENTIETH AFFIRMATIVE DEFENSE

**(Fitness for Duty Statement)**

20. To the extent discovery may disclose a basis for such defense, any recovery on Plaintiff's claims for violation of CFRA is barred because Plaintiff failed to provide a written statement from her health-care provider that she was fit to return to work.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

**(Employment Would Have Ceased)**

21. Any recovery on Plaintiff's claims for violation of CFRA is barred because Defendant was not required to allow Plaintiff to return to work when her leave was over because her employment would have ended for other reasons.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

**(Vicarious Liability)**

22. Defendant cannot be held vicariously liable for any of the conduct alleged in the Complaint because, even assuming *arguendo* that any such alleged unlawful conduct occurred, Defendant was not aware of the alleged conduct, did not adopt, ratify or condone it, and/or took prompt, remedial steps to prevent such conduct from happening or continuing.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

**(Contributory and/or Comparative Fault by Plaintiff)**

23. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part by Plaintiff's own contributory and/or comparative fault.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

**(No Equitable or Injunctive Relief)**

24. To the extent prayed for in the Complaint, Plaintiff is not entitled to equitable or injunctive relief because Plaintiff has suffered no irreparable injury based on any alleged conduct of Defendant, and Plaintiff has an adequate remedy at law for any such alleged conduct.

/ / /

/ / /

/ / /

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

**(Failure to Exhaust Administrative Remedies)**

25. To the extent that Plaintiff has made allegations in the Complaint or attempts to assert claims which relate to alleged acts of alleged discrimination or retaliation not encompassed within a charge filed with the California Civil Rights Department ("CRD") or any appropriate state or local agency, these claims and/or events are not properly before the Court, jurisdictionally or otherwise.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

**(After Acquired Evidence)**

26. To the extent discovery may disclose information which could serve as a basis for the termination of Plaintiff's employment, Plaintiff is barred from recovery by the after-acquired evidence doctrine.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

**(Failure to Mitigate Damages)**

27. Plaintiff is barred from recovering any damages, or any recovery must be reduced, by virtue of Plaintiff's failure to exhaust internal remedies or to otherwise exercise reasonable diligence to mitigate her alleged damages.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

**(Punitive Damages)**

28. Plaintiff's claim for exemplary and punitive damages is barred because Plaintiff has failed to raise sufficient allegations of malice, oppression, or fraud, and Plaintiff has failed to raise sufficient allegations to comply with the requirements of Civil Code section 3294.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

**(Punitive Damages Unconstitutional)**

29. Although Defendant denies that it has committed or is liable for any act that could support a recovery of punitive damages in this lawsuit, to the extent any such act is found, recovery of punitive damages against Defendant is unconstitutional under numerous provisions of the United States Constitution, including the Excessive Fines Clause of the Eighth Amendment and the Due Process clauses of the Fifth Amendment, as well as numerous provisions of the California Constitution, including the

Excessive Fines Clause of Section 17 of Article I, the Due Process Clause of Section 7 of Article I, and the Self-Incrimination Clause of Section 15 of Article I.

### THIRTIETH AFFIRMATIVE DEFENSE

**(Arbitration)**

30. Plaintiff's Complaint is barred, in whole or in part, to the extent Plaintiff agreed to arbitrate the claims asserted in her Complaint.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

**(Attorneys' Fees and Costs)**

31. Defendant has engaged attorneys to represent it in defense of Plaintiff's frivolous, unfounded and unreasonable action, and Defendant is thereby entitled to an award of reasonable attorneys' fees and costs pursuant to California Government Code section 12965 upon judgment in its favor.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

**(Reservation of Rights)**

32. Because the Complaint is couched in conclusory terms, Defendant cannot fully anticipate all defenses that may be applicable to this action. Accordingly, Defendant reserves the right to assert additional and different defenses if and to the extent such defenses are applicable.

### PRAYER

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by way of her Complaint;
2. That the Complaint and each cause of action be dismissed in its entirety with prejudice;
3. That Plaintiff be denied each and every demand and prayer for relief contained in the Complaint;
4. For costs of suit incurred herein, including reasonable attorneys'; and
5. For such other and further relief as the Court deems just and equitable.

Dated: April 1, 2024                           JACKSON LEWIS P.C.

By _____
Patricia Ann Matias
Rochelle N. Miller

Attorneys for Defendant
OPTUM SERVICES, INC.

8

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF RIVERSIDE**

**CASE NAME:**  *Laura Patricia Martinez v. United Health Group, Inc., et al.*

**CASE NUMBER:**  CVPS2400936

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 200 Spectrum Center Drive, Suite 500, Irvine, CA 92618,

On April 1, 2024, I served the foregoing document described as:

**DEFENDANT OPTUM SERVICES, INC.'S ANSWER TO PLAINTIFF LAURA PATRICIA MARTINEZ'S UNVERIFIED COMPLAINT**

in this action on interested parties as follows:

| | |
|---|---|
| Navid Kanani, Esq.<br>Nataleen S. Markarian, Esq.<br>JS ABRAMS LAW, PC<br>20501 Ventura Blvd., Suite 165<br>Woodland Hills, California 91364 | Attorneys for Plaintiff<br>LAURA PATRICIA MARTINEZ<br><br>Phone: (818) 330-4515<br>Fax:     (818) 330-4138<br>E-Mail: Navid@jsafirm.com<br>             Nataleen@jsafirm.com |

**[XX]  BY MAIL**

**[XX]**  As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[X]   STATE**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 1, 2024, at Tampa, Florida.

*/s/ Christopher Gomez*
CHRISTOPHER GOMEZ

4871-6061-2786, v. 2